UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KIM W.,

                             **Plaintiff,**

  vs.                                                  5:23-CV-688
                                                               (MAD/ML)

**MARTIN J. O'MALLEY,** *as Commissioner of Social Security*,

                             **Defendant.**
_____

APPEARANCES:                                      OF COUNSEL:

**HILLER COMERFORD INJURY &**            JUSTIN M. GOLDSTEIN, ESQ.
**DISABILITY LAW**
6000 North Bailey Avenue - Suite 1a
Amherst, New York 14226
Attorney for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    FERGUS J. KAISER, ESQ.
Office of General Counsel
6401 Security Boulevard
Baltimore, Maryland 21235
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff, Kim W., commenced this action pursuant to 42 U.S.C. § 405(g) seeking review of the decision of the Commissioner of Social Security (the "Commissioner") denying her applications for Disability Insurance Benefits and Supplemental Security Income. *See* Dkt. No. 1. In a Report-Recommendation dated September 9, 2024, Magistrate Judge Miroslav Lovric recommended that (1) Defendant's motion for judgment on the pleadings be granted; and (2) the

1

Commissioner's decision be affirmed.  *See* Dkt. No. 15.  On September 23, 2024, Plaintiff filed objections to the Report-Recommendation.  *See* Dkt. No. 16.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007).  After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

Neither party objects to the factual or procedural background or legal framework set forth in the Report-Recommendation.  The Court finds no clear error in those portions of Magistrate Judge Lovric's decision and assumes the parties' familiarity with the same.

"Plaintiff objects to Judge Lovric's analysis of the law and facts relating to the ALJ's step four findings, exclusion of postural limitations, and residual functional capacity (RFC) finding" and argues that "[t]he R&R is based upon clear errors[.]"  Dkt. No. 16 at 1.  Most of Plaintiff's objections concern arguments that were raised to, and considered by, Magistrate Judge Lovric.  *See id*.  The portions of the Report-Recommendation dealing with those arguments will be reviewed for clear error.  *See Taylor v. Astrue*, 32 F. Supp. 3d 253, 261 (N.D.N.Y. 2012).  However, Plaintiff does raise one issue which she asserted in her opening brief that appears unaddressed by Magistrate Judge Lovric: the ALJ's unexplained rejection of postural limitations.

*See id.* at 17.; *see also* Dkt. No. 15.  As it was not addressed in the Report-Recommendation, that issue will be reviewed *de novo*.  *See Charles v. Cnty. of Nassau*, 116 F. Supp. 3d 107, 121 (E.D.N.Y. 2015); *Joshua M. v. Comm'r of Soc. Sec.*, No. 5:22-CV-1274, 2024 WL 1341106, *1 (N.D.N.Y. Mar. 29, 2024).

First, Plaintiff argues that the ALJ erred in concluding that Plaintiff's past work constituted substantial gainful employment, particularly because the ALJ did not consult a vocational expert in making that determination.  *See* Dkt. No. 16 at 6-14.  Plaintiff objects to Magistrate Judge Lovric affirming this portion of the ALJ's decision.  *See id.*

Magistrate Judge Lovric explained that Plaintiff worked at two places relevant to this issue: Burger King and Little Caesars.  *See* Dkt. No. 15 at 10-11.  Magistrate Judge Lovric addressed Plaintiff's argument that these jobs did not constitute substantial gainful employment.  *Id.* at 10-13.  The Court finds no clear error in Magistrate Judge Lovric's analysis or conclusion on this issue.

As an initial matter, Plaintiff agrees that Magistrate "Judge Lovric identified the proper three-prong test for past relevant work."  Dkt. No. 16 at 6; *see also* Dkt. No. 15 at 10 (citing SSR 82-62, *Titles II and XVI: A Disability Claimant's Capacity to do Past Relevant Work, In General*, 1982 WL 31386 (Jan. 1, 1982)).  Part of the determination of whether past relevant work constitutes substantial gainful employment concerns the plaintiff's earnings from the past job.  *See Caiozzo v. Astrue*, No. 11-CV-2461, 2012 WL 2921187, *2 (E.D.N.Y. July 13, 2012) ("A claimant is generally presumed to have engaged in substantial gainful activity if his monthly earnings are above an administratively-determined threshold").

In her opening brief, Plaintiff argued that she did not make enough money at Burger King for the work to constitute substantial gainful employment.  *See* Dkt. No. 11 at 8.  She reiterates

this argument in her objections. *See* Dkt. No. 16 at 8. Magistrate Judge Lovric concluded that any error in finding that the Burger King position constituted substantial gainful employment was harmless because Plaintiff's work at Little Caesars passed the earnings threshold. *See* Dkt. No. 15 at 12-13. Plaintiff does not challenge this conclusion. *See* Dkt. No. 16 at 8-14. The Court finds no clear error in the determination because Plaintiff has not identified a requirement that all of her past relevant work must constitute substantial gainful employment. *See* SSR 82-62, 1982 WL 31386; *see e.g.*, *Albano v. Colvin*, 99 F. Supp. 3d 355, 369 (E.D.N.Y. 2015) (discussing the ALJ's reliance on only one past job as past relevant work).

Plaintiff next challenges the characterization of her Little Caesars job as a "Fast-foods worker" because it "was clearly a composite job, and, if not, the occupation as a Fast-foods Worker was not an accurate classification." Dkt. No. 16 at 9. Magistrate Judge Lovric stated that "this argument is unpersuasive. Plaintiff testified that she began as a crew member at Little Caesars before being promoted within less than a year. . . . Therefore, the ALJ had a reasonable basis to conclude that Plaintiff's time as a crew member met the durational requirement to qualify as past relevant work." Dkt. No. 15 at 12. Plaintiff argues that "this finding does not address the factual and legal issues relating to Plaintiff's past work being a composite job." Dkt. No. 16 at 9.

"'A composite job combines significant elements of two or more jobs, and has no counterpart in the'" Dictionary of Occupational Titles. *Susan M. v. Comm'r of Soc. Sec.*, No. 1:18-CV-0623, 2019 WL 2754480, *5 (N.D.N.Y. July 2, 2019) (quoting *Noelle v. Comm'r of Soc. Sec.*, 15-CV-1301, 2017 WL 9509957, *6 (N.D.N.Y. Feb. 13, 2017)). "'If the ALJ finds that a plaintiff's past relevant work is a composite job, then it cannot suffice at step four as work 'as generally performed in the national economy.'" *Sherry F. v. Comm'r of Soc. Sec.*, No. 5:21-CV-1389, 2022 WL 18831487, *7 (N.D.N.Y. Nov. 3, 2022) (quotation and citation omitted).

"[W]here a job is a composite job, it is error for the ALJ to find that the claimant is disabled merely because she can perform the least demanding aspects of her past relevant work." *Susan M.*, 2019 WL 2754480, at *5 (citing *Long v. Berryhill*, No. 16-CV-0760, 2018 WL 618119, *4-5 (W.D.N.Y. Jan. 30, 2018)). "[I]f the ALJ or the Court had found that Plaintiff's former job was a composite job, then the ALJ would have been required to conduct a Step Five analysis." *Sherry F.*, 2022 WL 18831487, at *7 n.3.

Plaintiff is correct that Magistrate Judge Lovric did not review this issue in great detail. However, as explained by Magistrate Judge Lovric, even if the ALJ erred by not categorizing Plaintiff's work at Little Caesars as a composite job, any error is harmless because the ALJ made an alternative step five finding. *See* Dkt. No. 15 at 13; *see also Shepard v. Astrue*, No. 5:10-CV-323, 2011 WL 5419852, *8 n.2 (D. Vt. Oct. 12, 2011) (collecting cases); *Brandon v. Colvin*, No. 5:15-CV-0386, 2016 WL 4532148, at *10 (N.D.N.Y. Aug. 29, 2016) (citing *Marrero v. Comm'r of Soc. Sec.*, No. 18-CV-229, 2019 WL 5208121, *2 (W.D.N.Y. Oct. 16, 2019)). In her objections, Plaintiff argues that Magistrate Judge Lovric's harmlessness conclusion is incorrect because the step five finding is based on the RFC and the RFC determination is not supported by substantial evidence. *See* Dkt. No. 16 at 14.

Plaintiff's challenges to the ALJ's RFC determination revolve around the ALJ's conclusion that her breast cancer and treatment are non-severe impairments. *See id.* Magistrate Judge Lovric appropriately addressed this argument. *See* Dkt. No. 15 at 14-17. He concluded that "the ALJ had substantial evidence to conclude that Plaintiff's breast cancer and chemotherapy treatment were non-severe impairments" and "any error in addressing Plaintiff's breast cancer and related treatment would be harmless, because the ALJ still considered Plaintiff's breast cancer in combination with her other impairments as part of her RFC determination." *Id.* at 15-16. Courts

5

have repeatedly determined that any error in finding a condition to be severe at step two can be harmless so long as the ALJ considered the condition at the subsequent steps of his or her decision. *See Reices-Colon v. Astrue*, 523 Fed. Appx. 796, 798 (2d Cir. 2013); *Nicholas C. v. Kijakazi*, No. 3:21-CV-00420, 2022 WL 1204929, *5 (D. Conn. Apr. 22, 2022) (collecting cases).

Plaintiff argues that any error in the ALJ's step-two determination about her cancer treatment is not harmless because the ALJ overstated Plaintiff's daily activities and relied on stale medical opinions in making the RFC determination. *See* Dkt. No. 16 at 15-23. Magistrate Judge Lovric analyzed these issues and the Court finds no clear error in his discussion or conclusion.

As to Plaintiff's activities of daily living, Magistrate Judge Lovric reiterated the ALJ's statements about Plaintiff's capabilities. *See* Dkt. No. 15 at 18-20. He explained that "[t]he ALJ's consideration and discussion of the relevant evidence is extensive, and her conclusions are not so unavailing that a reasonable factfinder would have to conclude otherwise." *Id.* at 20 (quoting *Brault v. Comm'r of Soc. Sec.*, 683 F.3d 443, 448 (2d Cir. 2012)) (additional quotation and quotation marks omitted). Plaintiff does not expand on her conclusory statement that "[t]he ALJ similarly overstated Plaintiff's daily activities." Dkt. No. 16 at 15. Rather, as explained by Magistrate Judge Lovric, the ALJ comprehensively discussed Plaintiff's activities of daily living as set forth in the medical records and Plaintiff's own testimony. *See* Dkt. No. 8 at 19-20.

The Court likewise finds no clear error in Magistrate Judge Lovric's conclusion about the ALJ's reliance on medical opinions from state agency medical consultants Alan Auerbach, M.D., and Karen Waldman, M.D. As Magistrate Judge Lovric correctly explained, Drs. Auerbach and Waldman did not review the entire record. *See* Dkt. No. 12 at 20. However, the ALJ's reliance on the opinions does not require remand because the ALJ discussed subsequent medical records that were unavailable to the consultants. *See id.* at 21-22.

This is not a circumstance where an ALJ relied on a stale medical opinion and then crafted an RFC by implementing her own medical judgment based on subsequent medical records. *See Davis v. Berryhill*, No. 6:16-CV-06815, 2018 WL 1250019, *3 (W.D.N.Y. Mar. 11, 2018) ("'[A]n ALJ must rely on the medical findings contained within the record and cannot make his own diagnosis without substantial medical evidence to support his opinion'") (quoting *Goldthrite v. Astrue*, 535 F. Supp. 2d 329, 339 (W.D.N.Y. 2008)). Rather, the ALJ explained her reliance on various medical opinions which opined that Plaintiff was limited to light work and concluded that those opinions were consistent "with the record as a whole." Dkt. No. 8 at 20. The ALJ then discussed records that were completed after Drs. Auerbach and Waldman's opinions. The Court agrees with Magistrate Judge Lovric that the ALJ's decision on this issue is supported by substantial evidence.

Next, Plaintiff argues in her opening brief and objections that the ALJ improperly excluded postural limitations from Plaintiff's RFC. *See* Dkt. No. 11 at 16; Dkt. No. 16 at 17. Magistrate Judge Lovric did not address this issue in his Report-Recommendation; therefore, the Court reviews the issue *de novo*.

As Plaintiff explains, "Drs. Auerbach and Waldman assessed Plaintiff was limited to occasional climbing ramps/stairs, occasional climbing ladders/ropes/scaffolds, frequent balancing, occasional stooping, occasional kneeling, occasional crouching, and occasional crawling." Dkt. No. 16 at 15 (citing Dkt. No. 8 at 94-95). The ALJ noted in her decision that they opined that Plaintiff "would be capable of performing light work, subject to some additional postural limitations." Dkt. No. 8 at 20. Plaintiff argues that "[t]he RFC finding does not include any postural limitations. The ALJ further noted that [Plaintiff's treating provider, Sam Benjamin, M.D.,] assessed Plaintiff 'is unable to perform any postural movements at all.' . . . The record

7

does not contain an opinion indicating Plaintiff can perform light work without postural limitations." Dkt. No. 16 at 16 (quotations omitted).

It is true that remand may be warranted if an ALJ fails to explain his or her "reasoning for adopting or failing to adopt specific limitations." *White v. Saul*, 414 F. Supp. 3d 377, 382 (W.D.N.Y. 2019); *see also Tina T. v. Comm'r of Soc. Sec.*, No. 5:20-CV-0981, 2022 WL 103119, *4 (N.D.N.Y. Jan. 11, 2022) ("'[W]hen an ALJ adopts only portions of a medical opinion, he must explain why he rejected the remaining portions'") (quoting *Felicia A. v. Comm'r of Soc. Sec.*, No. 20-CV-6435, 2021 WL 2153878, *2 (W.D.N.Y. May 27, 2021)).

Here, the ALJ did explain her rejection of postural limitations. In reviewing Dr. Benjamin's opinions, the ALJ acknowledged his conclusion that Plaintiff "is unable to perform any postural movements at all." Dkt. No. 8 at 21. The ALJ also acknowledged the postural limitations opined by Drs. Auerbach and Waldman. *See id.* at 20. However, the ALJ concluded that "postural limitations are not well supported by reports of regular stair climbing, cleaning, sweeping, and mopping . . . , all of which indicate substantial postural abilities." *Id.* at 21. Plaintiff does not challenge this statement in her objections or opening brief. *See* Dkt. Nos. 11, 16. Rather, as explained, Plaintiff merely states, in a conclusory fashion, that "[t]he ALJ [] overstated Plaintiff's daily activities." Dkt. No. 16 at 15. As noted by the ALJ, Plaintiff indicated in her Function Report that she could clean, sweep, mop, and do dishes. *See* Dkt. No. 8 at 301. Plaintiff did not state a limitation on any of those activities. *See id.* Because the ALJ explained her rejection of postural limitations, the Court disagrees with Plaintiff's objections on this issue and concludes that the ALJ's decision is supported by substantial evidence.

Although Plaintiff's primary challenge to the ALJ's decision stems from the RFC determination, Plaintiff also argues that "regardless of the issues with the RFC finding, remand is

still required." Dkt. No. 16 at 14. Specifically concerning the step five determination, Plaintiff cites *Walterich v. Comm'r of Soc. Sec.*, 2020 WL 2078795, *3 (W.D.N.Y. Apr. 30, 2020) to support her statement that "[l]ike *Walterich*, Plaintiff's age status was more favorable under the Grid Rules, and Plaintiff turned 50 years old shortly after the application date." *Id.*

Plaintiff did not raise this argument in her opening brief. In fact, she did not discuss the ALJ's step-five determination at all, except to state that "[t]he ALJ'[s] RFC and subsequent consideration of work at step four and five fails to adequately account for Plaintiff's breast cancer, even if it was deemed non-severe." Dkt. No. 11 at 11. "'[D]istrict courts ordinarily will not consider new arguments, evidence, or case law that could have been but were not presented to the magistrate judge. . . .'" *ICM Controls Corp. v. Honeywell Int'l, Inc.*, No. 5:12-CV-1766, 2019 WL 7631075, *11 (N.D.N.Y. Dec. 3, 2019) (quoting *Chun Lan Guan v. Long Island Bus. Inst., Inc.*, No. 15-CV-2215, 2019 WL 3807455, *2 (E.D.N.Y. Aug. 13, 2019)). Plaintiff discussed harmless error in her opening brief in the context of the severity determination, but did not do so in terms of past relevant work and substantial gainful employment. *See* Dkt. No. 11 at 11. Because Plaintiff did not raise *Walterich* or present argument addressing harmful error between steps four and five in her opening brief, and her argument in her objections is a single conclusory statement, the Court declines to consider this issue. *See* Dkt. No. 16 at 14.

Accordingly, after carefully reviewing the Report-Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 15) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings (Dkt. No. 13) is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's decision is **AFFIRMED**; and the Court further

**ORDERS** that the Clerk of the Court shall entered judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: September 25, 2024
         Albany, New York

Mae A. D'Agostino
U.S. District Judge